AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
Los Angeles, CA 90071
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) MDL Docket No. 1699 ) |
| This document relates to | ) CASE NO. 3:07-cv-3646-CRB ) |
| RACHEL CARBALLO, et al., | ) **PFIZER INC., PHARMACIA** ) **CORPORATION, AND G.D.** |
| Plaintiffs, | ) **SEARLE LLC'S ANSWER TO** ) **COMPLAINT** |
| vs. | ) ) **JURY DEMAND ENDORSED** |
| PFIZER, INC., PHARMACIA CORPORATION, G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), and MONSANTO COMPANY, | ) **HEREIN** ) ) ) |
| Defendants. | ) ) |

1      NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3   ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their

4   Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5   follows:

6                                          **I.**

7                            **PRELIMINARY STATEMENT**

8      The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9   Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

10  generally.    Defendants may seek leave to amend this Answer when discovery reveals the

11  specific time periods in which Plaintiffs were prescribed and used Celebrex®.

12                                         **II.**

13                                      **ANSWER**

14                   **Response to Allegations Regarding Parties**

15  1.     Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21  marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22  healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 11, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

5.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

2  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

3  and deny the remaining allegations in this paragraph of the Complaint.

4  7.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

6  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

7  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

8  and deny the remaining allegations in this paragraph of the Complaint.

9  8.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

11  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

12  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage,

13  and deny the remaining allegations in this paragraph of the Complaint.

14  9.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

15  business in New York.   Defendants admit that, as the result of a merger in April 2003,

16  Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

17  of the Complaint regarding "predecessors in interest" are vague and ambiguous.   Defendants

18  are without knowledge or information sufficient to form a belief as to the truth of such

19  allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

20  time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

21  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

22  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

23  paragraph of the Complaint.

24  10.   Defendants admit that Searle is a Delaware limited liability company with its principal

25  place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

26  as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

27  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

28  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Celebrex® in the United States to be prescribed by healthcare providers who are by law

2    authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny

3    the remaining allegations in this paragraph of the Complaint.

4    11.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

5    Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of

6    1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

7    to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company,

8    was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company

9    changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged

10   in the agricultural business and does not and has not ever manufactured, marketed, sold, or

11   distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either

12   Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed,

13   sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

14   proper party in this matter. Defendants deny the remaining allegations in this paragraph of the

15   Complaint. Defendants state that the response to this paragraph of the Complaint regarding

16   Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

17   of the Complaint referring to Monsanto and/or Defendants.

18   12.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

19   business in New Jersey. Defendants admit that Pharmacia acquired Searle in 2000 and that, as

20   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

21   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

22   Celebrex® in the United States, including California, to be prescribed by healthcare providers

23   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

24   Defendants deny the remaining allegations in this paragraph of the Complaint.

25              **Response to Allegations Regarding Jurisdiction and Venue**

26   13.    Defendants are without knowledge or information to form a belief as to the truth of the

27   allegations in this paragraph of the Complaint regarding the amount in controversy, and,

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    therefore, deny that the same. However, Defendants admit that Plaintiffs claim that the amount

2    in controversy exceeds $75,000, exclusive of interests and costs.

3    14.    Defendants are without knowledge or information to form a belief as to the truth of the

4    allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

5    in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim

6    that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

7    interests and costs.

8    15.    Defendants are without knowledge or information to form a belief as to the allegations

9    in this paragraph of the Complaint regarding the judicial district in which the asserted claims

10   allegedly arose and, therefore, deny the same. Defendants state that Celebrex® was and is safe

11   and effective when used in accordance with its FDA-approved prescribing information.

12   Defendants deny committing a tort in the States of California, New Mexico, South Carolina,

13   Florida, and Arkansas, and deny the remaining allegations in this paragraph of the Complaint.

14   16.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

16   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

17   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

18   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

19   Celebrex® in the United States to be prescribed by healthcare providers who are by law

20   authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

21   that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and

22   California. Defendants state that the allegations in this paragraph of the Complaint regarding

23   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

24   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

25   the same. Defendants deny committing a tort in the States of California, South Carolina,

26   Arkansas, and New Mexico, and deny the remaining allegations in this paragraph of the

27   Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

17.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

15.     Answering the second Paragraph 15 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Answering the second Paragraph 16 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

17.     Answering the second Paragraph 17 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

18.     Answering the second Paragraph 18 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Answering the second Paragraph 19 of the Complaint, Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    therefore, no response is required.  To the extent that a response is deemed required, Defendants

2    state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

3    Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as

4    to the truth of such allegations and, therefore, deny the same.

5    20.    Answering the second Paragraph 20 of the Complaint, Defendants state that the

6    allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are

7    not directed towards Defendants and, therefore, no response is required.  To the extent a

8    response is deemed required, Defendants state that, as stated in the FDA-approved labeling for

9    Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of

10   prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at

11   therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1)

12   isoenzyme."  Plaintiffs fail to provide the proper context for the remaining allegations in this

13   paragraph and Defendants therefore lack sufficient information or knowledge to form a belief

14   as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph

15   of the Complaint.

16   21.    Defendants state that the allegations in this paragraph of the Complaint regarding

17   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

18   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

19   the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

20   mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

21   primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

22   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

23   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

24   approved prescribing information.  Defendants state that the potential effects of Celebrex®

25   were and are adequately described in its FDA-approved prescribing information, which was at

26   all times adequate and comported with applicable standards of care and law.  Defendants deny

27   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   22.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

2   Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

3   approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

4   osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

5   Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

6   reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

7   ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

8   the remaining allegations in this paragraph of the Complaint.

9   23.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

10  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

11  Celebrex® in the United States to be prescribed by healthcare providers who are by law

12  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

13  that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

15  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

17  and effective when used in accordance with its FDA-approved prescribing information.

18  Defendants state that the potential effects of Celebrex® were and are adequately described in its

19  FDA-approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21  remaining allegations in this paragraph of the Complaint.

22  24.    Defendants state that the referenced article speaks for itself and respectfully refer the

23  Court to the article for its actual language and text.  Any attempt to characterize the article is

24  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

26  this paragraph of the Complaint.

27  25.    Defendants state that the referenced article speaks for itself and respectfully refer the

28  Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

2  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

3  this paragraph of the Complaint.

4  26.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Celebrex® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny the allegations in this paragraph of the Complaint.

9  27.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Celebrex® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14  the Complaint.

15  28.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

16  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

17  characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

18  2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

19  and respectfully refer the Court to the study for its actual language and text.  Any attempt to

20  characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

21  the Complaint.

22  29.    Defendants state that the referenced Medical Officer Review speaks for itself and

23  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

24  attempt to characterize the Medical Officer Review is denied.  Defendants state that the

25  referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court

26  to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to

27  characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining

28  allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

30. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

32. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

33. Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text. Any attempt to characterize the articles is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

34. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

35. Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2  Defendants deny the remaining allegations in this paragraph of the Complaint.

3  36.    Defendants state that the referenced study speaks for itself and respectfully refer the

4  Court to the study for its actual language and text.  Any attempt to characterize the study is

5  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

6  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

7  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

8  Defendants deny the remaining allegations in this paragraph of the Complaint.

9  37.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

10  referenced article speaks for itself and respectfully refer the Court to the article for its actual

11  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

12  remaining allegations in this paragraph of the Complaint.

13  38.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

14  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

15  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  39.    Defendants state that the referenced Medical Officer Review speaks for itself and

18  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

19  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

20  allegations in this paragraph of the Complaint.

21  40.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

22  the proper context for the allegations concerning "other Celebrex trials" contained in this

23  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

24  form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

25  allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

26  that the referenced study speaks for itself and respectfully refer the Court to the study for its

27  actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

41.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text.  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46. Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

48. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49. Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   50.    Defendants deny the allegations in this paragraph of the Complaint.

2   51.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants state that the potential effects of

4   Celebrex® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

7   remaining allegations contained in this paragraph of the Complaint.

8   52.    Defendants deny any wrongful conduct and deny the allegations contained in this

9   paragraph of the Complaint.

10  53.    Defendants deny any wrongful conduct and deny the allegations contained in this

11  paragraph of the Complaint.

12  54.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

17  paragraph of the Complaint.

18  55.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21  effective when used in accordance with its FDA-approved prescribing information.  Defendants

22  state that the potential effects of Celebrex® were and are adequately described in its FDA-

23  approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

25  Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

26  the Complaint.

27  56.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

28  Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text. Any attempt to characterize the letter is denied. Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text. Any attempt to characterize the transcripts is denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

57.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

60.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

2   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

3   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

4   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

5   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

6   United States to be prescribed by healthcare providers who are by law authorized to prescribe

7   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

8   allegations in this paragraph of the Complaint.

9   61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Celebrex® were and are adequately described in its FDA-approved prescribing information,

12   which at all times was adequate and comported with applicable standards of care and law.

13   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

14   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

15   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

16   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

17   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

18   United States to be prescribed by healthcare providers who are by law authorized to prescribe

19   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

20   allegations in this paragraph of the Complaint.

21   62.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26   the Complaint.

27   63.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4    the Complaint.

5    64.    Defendants deny the allegations in this paragraph of the Complaint.

6    65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11    the Complaint.

12    66.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13    with its FDA-approved prescribing information.  Defendants state that the potential effects of

14    Celebrex® were and are adequately described in its FDA-approved prescribing information,

15    which was at all times adequate and comported with applicable standards of care and law.

16    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17    the Complaint.

18    67.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20    Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

21    Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

22    paragraph of the Complaint.

23    68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.  Defendants state that the potential effects of

25    Celebrex® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

28    remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

69.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

72.      Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

73.      Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the Complaint. Defendants deny any wrongful conduct and deny the remaining allegations in

2    this paragraph of the Complaint.

3    81.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information. Defendants state that the potential effects of

5    Celebrex® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint. Defendants deny any wrongful conduct and deny the remaining allegations in

9    this paragraph of the Complaint.

10   82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information. Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint. Defendants deny any wrongful conduct and deny the remaining allegations in

16   this paragraph of the Complaint.

17   83.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information. Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint. Defendants deny any wrongful conduct and deny the remaining allegations in

23   this paragraph of the Complaint.

24   84.    Defendants state that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information. Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  the Complaint.  Defendants deny any wrongful conduct and deny the remaining allegations in

2  this paragraph of the Complaint.

3  85.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Celebrex® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8  the Complaint.  Defendants deny any wrongful conduct and deny the remaining allegations in

9  this paragraph of the Complaint.

10  86.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.  Defendants deny any wrongful conduct and deny the remaining allegations in

16  this paragraph of the Complaint.

17  87.    Defendants deny any wrongful conduct and deny the remaining allegations in this

18  paragraph of the Complaint.

19  88.    Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

21  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Celebrex® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26  remaining allegations in this paragraph of the Complaint.

27  89.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Celebrex® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4  the Complaint.

5  90.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

13  paragraph of the Complaint.

14  91.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

16  Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

17  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

18  paragraph of the Complaint.

19  92.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

20  damage, and deny the remaining allegations in this paragraph of the Complaint.

21  93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  **Response to Second Cause of Action: Strict Liability**

24  94.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

25  Complaint as if fully set forth herein.

26  95.    Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28  Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

2    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

3    with their approval by the FDA.    Defendants admit that, during certain periods of time,

4    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

5    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

6    providers who are by law authorized to prescribe drugs in accordance with their approval by the

7    FDA.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

8    consumers without substantial change from the time of sale.    Defendants deny the remaining

9    allegations in this paragraph of the Complaint.

10    96.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.    Defendants state that the potential effects of

12    Celebrex® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny the remaining allegations in this paragraph of the Complaint.

15    97.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.    Defendants state that the potential effects of

17    Celebrex® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

20    remaining allegations in this paragraph of the Complaint.

21    98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.    Defendants state that the potential effects of

23    Celebrex® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

26    remaining allegations in this paragraph of the Complaint, including all subparts.

27    99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.    Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

103.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in this paragraph of the Complaint.

9    **Response to Third Cause of Action: Breach of Express Warranty**

10    110.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

11    Complaint as if fully set forth herein.

12    111.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

14    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15    effective when used in accordance with its FDA-approved prescribing information.  Defendants

16    state that the potential effects of Celebrex® were and are adequately described in its FDA-

17    approved prescribing information, which was at all times adequate and comported with

18    applicable standards of care and law.  Defendants admit that they provided FDA-approved

19    prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

20    this paragraph of the Complaint.

21    112.    Defendants are without knowledge or information sufficient to form a belief as to the

22    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24    effective when used in accordance with its FDA-approved prescribing information.  Defendants

25    state that the potential effects of Celebrex® were and are adequately described in its FDA-

26    approved prescribing information, which was at all times adequate and comported with

27    applicable standards of care and law.  Defendants admit that they provided FDA-approved

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

113.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

120.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

121.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

131.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

133.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

2  paragraph of the Complaint.

3  135.     Defendants state that Celebrex® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Celebrex® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8  the Complaint.

9  136.     Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.  Defendants

13  state that the potential effects of Celebrex® were and are adequately described in its FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

16  remaining allegations in this paragraph of the Complaint.

17  137.     Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.  Defendants

21  state that the potential effects of Celebrex® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24  remaining allegations in this paragraph of the Complaint.

25  138.     Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-
2  approved prescribing information, which was at all times adequate and comported with
3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
4  remaining allegations in this paragraph of the Complaint.

5  139.    Defendants are without knowledge or information sufficient to form a belief as to the
6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
7  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
8  effective when used in accordance with its FDA-approved prescribing information.  Defendants
9  state that the potential effects of Celebrex® were and are adequately described in its FDA-
10  approved prescribing information, which was at all times adequate and comported with
11  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
12  remaining allegations in this paragraph of the Complaint.

13  140.    Defendants are without knowledge or information sufficient to form a belief as to the
14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
15  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
16  effective when used in accordance with its FDA-approved prescribing information.  Defendants
17  state that the potential effects of Celebrex® were and are adequately described in its FDA-
18  approved prescribing information, which was at all times adequate and comported with
19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
20  remaining allegations in this paragraph of the Complaint.

21  141.    Defendants are without knowledge or information sufficient to form a belief as to the
22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
23  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
24  effective when used in accordance with its FDA-approved prescribing information.  Defendants
25  state that the potential effects of Celebrex® were and are adequately described in its FDA-
26  approved prescribing information, which was at all times adequate and comported with
27  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    142.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

2    damage, and deny the remaining allegations in this paragraph of the Complaint.

3    143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

4    damage, and deny the remaining allegations in this paragraph of the Complaint.

5    144.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

6    damage, and deny the remaining allegations in this paragraph of the Complaint.

7    **Response to Sixth Cause of Action: Unjust Enrichment**

8    145.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

9    Complaint as if fully set forth herein.

10   146.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

12   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

13   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

14   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

15   Celebrex® in the United States to be prescribed by healthcare providers who are by law

16   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

17   the remaining allegations in this paragraph of the Complaint.

18   147.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   148.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

24   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

25   paragraph of the Complaint.

26   149.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

28   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    effective when used in accordance with its FDA-approved prescribing information. Defendants

2    state that the potential effects of Celebrex® were and are adequately described in its FDA-

3    approved prescribing information, which was at all times adequate and comported with

4    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

5    remaining allegations in this paragraph of the Complaint.

6    150.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

8    Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information. Defendants

10   state that the potential effects of Celebrex® were and are adequately described in its FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

13   remaining allegations in this paragraph of the Complaint.

14   151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

15   damage, and deny the remaining allegations in this paragraph of the Complaint.

16                    **Response to Prayer for Relief**

17   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

18   damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

19   Relief," including all subparts.

20                              **III.**

21                       **GENERAL DENIAL**

22        Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

23   Complaint that have not been previously admitted, denied, or explained.

24                              **IV.**

25                    **AFFIRMATIVE DEFENSES**

26        Defendants reserve the right to rely upon any of the following or additional defenses to

27   claims asserted by Plaintiffs to the extent that such defenses are supported by information

28   developed through discovery or evidence at trial. Defendants affirmatively show that:

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

**First Defense**

2

1.      The Complaint fails to state a claim upon which relief can be granted.

3

**Second Defense**

4

2.      Celebrex® is a prescription medical product.  The federal government has preempted

5

the field of law applicable to the labeling and warning of prescription medical products.

6

Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

7

federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

8

which relief can be granted; such claims, if allowed, would conflict with applicable federal law

9

and violate the Supremacy Clause of the United States Constitution.

10

**Third Defense**

11

3.      At all relevant times, Defendants provided proper warnings, information, and

12

instructions for the drug in accordance with generally recognized and prevailing standards in

13

existence at the time.

14

**Fourth Defense**

15

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of

16

Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

17

knowledge at the time the drug was manufactured, marketed, and distributed.

18

**Fifth Defense**

19

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

20

applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

21

**Sixth Defense**

22

6.      Plaintiffs' action is barred by the statute of repose.

23

**Seventh Defense**

24

7.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were

25

contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and

26

any recovery by Plaintiffs should be diminished accordingly.

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Eighth Defense**

2   8.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

3   omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

4   part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

5   liable in any way.

6

**Ninth Defense**

7   9.      The acts and/or omissions of unrelated third parties as alleged constituted independent,

8   intervening causes for which Defendants cannot be liable.

9

**Tenth Defense**

10   10.     Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were

11   proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

12   of God.

13

**Eleventh Defense**

14   11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

15

**Twelfth Defense**

16   12.     A manufacturer has no duty to warn patients or the general public of any risk,

17   contraindication, or adverse effect associated with the use of a prescription medical product.

18   Rather, the law requires that all such warnings and appropriate information be given to the

19   prescribing physician and the medical profession, which act as a "learned intermediary" in

20   determining the use of the product.  Celebrex® is a prescription medical product, available only

21   on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs'

22   treating and prescribing physicians.

23

**Thirteenth Defense**

24   13.     The product at issue was not in a defective condition or unreasonably dangerous at the

25   time it left the control of the manufacturer or seller.

26

**Fourteenth Defense**

27   14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

28   for its intended use and the warnings and instructions accompanying Celebrex® at the time of

1   the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

2   usages.

3                                   **Fifteenth Defense**

4   15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

5   Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

6   standard of care.

7                                   **Sixteenth Defense**

8   16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of

9   the product Celebrex® after the product left the control of Defendants and any liability of

10  Defendants is therefore barred.

11                                 **Seventeenth Defense**

12  17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

13  Defendants.

14                                 **Eighteenth Defense**

15  18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

16  conditions unrelated to Celebrex®.

17                                 **Nineteenth Defense**

18  19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

19  the doctrine of assumption of the risk bars or diminishes any recovery.

20                                 **Twentieth Defense**

21  20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

22  preempted in accordance with the Supremacy Clause of the United States Constitution and by

23  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

24                                 **Twenty-first Defense**

25  21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

26  the subject pharmaceutical product at issue was subject to and received pre-market approval by

27  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-second Defense

22.    The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-ninth Defense

2

29.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

3

facts sufficient under the law to justify an award of punitive damages.

4

### Thirtieth Defense

5

30.     Defendants affirmatively aver that the imposition of punitive damages in this case

6

would violate Defendants' rights to procedural due process under both the Fourteenth

7

Amendment of the United States Constitution and the Constitutions of the States of South

8

Carolina, Arkansas, New Mexico, Florida, and California, and would additionally violate

9

Defendants' rights to substantive due process under the Fourteenth Amendment of the United

10

States Constitution.

11

### Thirty-first Defense

12

31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

13

Fourteenth Amendments to the United States Constitution.

14

### Thirty-second Defense

15

32.     The imposition of punitive damages in this case would violate the First Amendment to

16

the United States Constitution.

17

### Thirty-third Defense

18

33.     Plaintiffs' punitive damage claims are preempted by federal law.

19

### Thirty-fourth Defense

20

34.     In the event that reliance was placed upon Defendants' nonconformance to an express

21

representation, this action is barred as there was no reliance upon representations, if any, of

22

Defendants.

23

### Thirty-fifth Defense

24

35.     Plaintiffs failed to provide Defendants with timely notice of any alleged

25

nonconformance to any express representation.

26

### Thirty-sixth Defense

27

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without

28

proof of causation, the claims violate Defendants' rights under the United States Constitution.

1

**Thirty-seventh Defense**

2    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6

**Thirty-eighth Defense**

7    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11    Amendment of the United States Constitution, the Commerce Clause of the United States

12    Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

13    applicable provisions of the Constitutions of the States of South Carolina, Arkansas, New

14    Mexico, Florida, and California.  Any law, statute, or other authority purporting to permit the

15    recovery of punitive damages in this case is unconstitutional, facially and as applied, to the

16    extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and

17    restrain the jury's discretion in determining whether to award punitive damages and/or the

18    amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as

19    to what conduct will result in punitive damages; (3) permits recovery of punitive damages

20    based on out-of-state conduct, conduct that complied with applicable law, or conduct that was

21    not directed, or did not proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive

22    damages in an amount that is not both reasonable and proportionate to the amount of harm, if

23    any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury

24    consideration of net worth or other financial information relating to Defendants; (6) lacks

25    constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

26    punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of

27    punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

28    without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-44-

*Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

2    independent of or far removed from Defendants' conduct.

3    **Forty-fifth Defense**

4    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

5    did not proximately cause injuries or damages to Plaintiffs.

6    **Forty-sixth Defense**

7    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

8    did not incur any ascertainable loss as a result of Defendants' conduct.

9    **Forty-seventh Defense**

10    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

11    manufacturing, labeling, packaging, and any advertising of the product complied with the

12    applicable codes, standards and regulations established, adopted, promulgated or approved by

13    any applicable regulatory body, including but not limited to the United States, any state, and

14    any agency thereof.

15    **Forty-eighth Defense**

16    48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if

17    the product labeling contained the information that Plaintiffs contend should have been

18    provided.

19    **Forty-ninth Defense**

20    49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

21    outweighed its risks.

22    **Fiftieth Defense**

23    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

24    collateral sources.

25    **Fifty-first Defense**

26    51.    Defendants' liability, if any, can only be determined after the percentages of

27    responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

28    any, are determined.    Defendants seek an adjudication of the percentage of fault of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   claimants and each and every other person whose fault could have contributed to the alleged

2   injuries and damages, if any, of Plaintiffs .

3                           **Fifty-second Defense**

4   52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

5   common law gives deference to discretionary actions by the United States Food and Drug

6   Administration under the Federal Food, Drug, and Cosmetic Act.

7                           **Fifty-third Defense**

8   53.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

9   is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

10   ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

11   claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

12   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

13   and with the specific determinations by FDA specifying the language that should be used in the

14   labeling accompanying Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the

15   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

16   United States.

17                           **Fifty-fourth Defense**

18   54.     Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

19   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

20                           **Fifty-fifth Defense**

21   55.     Defendants state on information and belief that the Complaint and each purported cause

22   of action contained therein is barred by the statutes of limitations contained in California Code

23   of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

24   as may apply.

25                           **Fifty-sixth Defense**

26   56.     Defendants state on information and belief that any injuries, losses, or damages suffered

27   by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

2  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

4  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

5  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

6  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

7  damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

9  58.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

10  § 15-3-20.

### Fifty-ninth Defense

12  59.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

13  required by Rule 9 of the Arkansas Rules of Civil Procedure, and should be dismissed.

### Sixtieth Defense

15  60.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of

16  timely notice, lack of privity, and because the alleged warranties were excluded and/or

17  disclaimed.

### Sixty-first Defense

19  61.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products

20  Liability Act, Ark. Code Ann. § 16-116-101, et seq.

### Sixty-second Defense

22  62.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas

23  Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201 et seq.

### Sixty-third Defense

25  63.    Any injuries and damages suffered by Plaintiffs, which injuries and damages are

26  expressly denied, are the direct and proximate result of Plaintiffs' own comparative and

27  contributory negligence and Plaintiffs' recovery should be barred, or alternatively, reduced

28  proportionately to Plaintiffs' own comparative negligence.

**Sixty-fourth Defense**

64.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

**Sixty-fifth Defense**

65.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

**Sixty-sixth Defense**

66.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

**Sixty-seventh Defense**

67.    Celebrex® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Celebrex® alleged to have been used by Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

**Sixty-eighth Defense**

68.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-ninth Defense**

69.   Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

**Seventieth Defense**

70.   FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

**Seventy-first Defense**

71.   The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

**Seventy-second Defense**

72.   Plaintiffs lack standing because Defendants did not engage in deceptive conduct with regard to Plaintiffs or otherwise.

**Seventy-third Defense**

73.   Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.   That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.   That the Complaint be dismissed;

3.   That Defendants be awarded their costs for this lawsuit;

4.   That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.   That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

1    6.    That Defendants have such other and further relief as the Court deems appropriate.

2

3    September 13, 2007                          GORDON & REES LLP

4

5                                               By: : _____/s/_____
                                                    Stuart M. Gordon
6                                                   sgordon@gordonrees.com
                                                    Embarcadero Center West
7                                                   275 Battery Street, 20th Floor
                                                    San Francisco, CA 94111
8                                                   Telephone:  (415) 986-5900
                                                    Fax:  (415) 986-8054
9

10   September 13, 2007                          TUCKER ELLIS & WEST LLP

11

12                                              By: : _____/s/_____
                                                    Michael C. Zellers
13                                                  michael.zellers@tuckerellis.com
                                                    515 South Flower Street, Suite 4200
14                                                  Los Angeles, CA 90071
                                                    Telephone:  (213) 430-3400
15                                                  Fax:  (213) 430-3409

16                                                  Attorneys for Defendants
                                                    PFIZER INC., PHARMACIA
17                                                  CORPORATION, and G.D. SEARLE
                                                    LLC
18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

September 13, 2007                    GORDON & REES LLP


By: :_____/s/_____
Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

September 13, 2007                    TUCKER ELLIS & WEST LLP


By: :_____/s/_____
Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, and G.D. SEARLE
LLC